UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 08-164-JVP-DLD |
| HEATHER TORRES, a.k.a. HEATHER DIXON | |

**RULING**

Now before the court is an unopposed motion by defendant, Heather Torres, to defer setting trial of this matter pursuant to 18 U.S.C. § 3161(7)(A) (doc. 10). The government has filed a response to the motion (doc. 12). Jurisdiction is based on 18 U.S.C. § 3231. There is no need for oral argument and the matter is now submitted.

Defendant, Heather Torres, has been charged by indictment with five counts of violating 21 U.S.C. § 841(a) and 846, and 18 U.S.C. § 2 (possession and attempted possession, with intent to distribute a controlled substance), and five counts of violating 21 U.S.C. § 843(a)(3) and 846, and 18 U.S.C. § 2 (obtaining and attempting to obtain a controlled substance by fraud). The indictment alleges that, while employed as an office manager in a chiropractic office, Torres regularly took previously signed prescriptions for hydrocodone, a schedule III controlled substance, and wrote in her own name in order to illegally obtain hydrocodone with intent to

1

distribute.[1] The indictment further alleges that, from about July 29, 2005 until about May 12, 2006, Torres used the fraudulent prescriptions to obtain approximately one thousand eighty pills of hydrocodone. (Indictment, doc. 1).

The Speedy Trial Act authorizes the court to grant delays where the court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(A) requires the court to make a finding after carefully considering and balancing multiple factors, including the factors listed in Subsection B.

Defendant asserts that it would be unreasonable to expect adequate preparation for trial within the time limits established by 18 U.S.C. § 3161 because preliminary discovery and investigation has revealed numerous potential witnesses in this matter who must be located and interviewed in order to properly prepare for trial (doc. 10). The government responded by stating that it does not oppose the motion and noted that this matter is part of a long-running investigation involving numerous witnesses, complex issues, and the seizure of over 100 boxes of material from chiropractic clinics (doc. 12).

The court finds that, given the large volume of evidence produced by discovery and the complex issues presented by the case, it is unreasonable to

---

[1]According to the indictment, the chiropractor contracted with a medical doctor who would sign prescriptions for hydrocodone and leave them at the chiropractor's clinics with the patient's name and date sections left blank (indictment, ¶ 3).

expect adequate preparation within the time limits established by the Speedy Trial Act. Therefore, granting a continuance will allow both the defendant and the government the time necessary to adequately prepare for trial such that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

Accordingly, the motion by defendant, Heather Torres, to defer setting the trial of this matter (doc. 10) is hereby **GRANTED**.

Baton Rouge, Louisiana, March 18th, 2009.

JAMES J. BRADY
U.S.D.J   for

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA